IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Barry T. Sparks, | ) Civil Action No.: 3:15-1247-MGL-SVH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| | ) |
| The Columbia City Ballet Company, and William Starrett, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | |

On March 17, 2015, Plaintiff Barry T. Sparks, ("Plaintiff"), brought this discrimination in employment action pursuant to several federal statutes, including the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for all pretrial handling, including review of the instant Motion for Contempt, (ECF No. 23), filed by Plaintiff on January 13, 2016. Following briefing by the parties and a full evidentiary hearing, the Magistrate Judge prepared and submitted a thorough Report and Recommendation, (The Report), (ECF No. 49), recommending that Plaintiff's motion be granted and that Defendants be sanctioned in the following ways: (1) that the jury be charged that Defendant Starrett testified falsely under oath as to the material issue of whether Defendants had provided to Plaintiff in discovery all existing board and committee meeting minutes; (2) that the Court warn Defendants that any similar conduct will result in entry of judgment for Plaintiff; (3) that the Court order Defendants to supplement discovery responses to ensure that they are now complete; and (4) that the Court order Defendants

to pay Plaintiff's fees ($12,420.00) and costs ($606.20) associated with this motion totaling $13,026.20. On June 24, 2016, Plaintiff submitted a short Objection to the Report, (ECF No. 51), objecting only to the amount of the recommended fee award. On June 27, 2016, Defendants submitted their Objection, (ECF No. 52), objecting to much of the Magistrate Judge's analysis, and on July 18, 2016, Plaintiff replied in support of the Magistrate Judge's findings. (ECF No. 56). The Court has reviewed all of these submissions, and the matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record in this case, including, in particular, the Magistrate Judge's Report and Defendants' Objection. The Court has considered each of Defendants' objections regarding the Report and finds that none of Defendants' arguments effectively counter the reasoned factual findings and legal conclusions of the Magistrate Judge. The Court, like the Magistrate Judge, is not persuaded that Defendants' repeated failures to fully respond to the legitimate discovery requests of Plaintiff and, indeed, to properly

comply with orders of the Magistrate Judge, including by submitting an affidavit containing false matter, can be explained away by mere mistake or inadvertence, as opposed to some degree of "wilfulness, bad faith, or . . . fault" on Defendants' part. *See Wilson v. Volkswagon of America, Inc.*, 561 F.2d 494, 503 (4th Cir. 1977) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)). The Court has no trouble concluding that, at very least, Defendants exhibited a conscious disregard for their discovery responsibilities and for the obvious need to fully comply with orders of the Court.

In view of the forgoing, the Court concurs in substantial part with the reasoning of the Magistrate Judge and adopts those significant portions of the Report that are not inconsistent with this Order and incorporates them herein by reference, (ECF No. 49), overruling Defendants' objections. (ECF No. 52). The Court departs from the Magistrate Judge's analysis only in that it declines to accept that portion of the Magistrate Judge's Report which recommends as one of four sanctions that at any future trial the jury be charged as to Defendants' misconduct in discovery, as the Court concludes that this particular proposed sanction is more drastic than necessary to deter future noncompliance in this case.

**WHEREFORE**, the Court **ORDERS** that Plaintiff's Motion for Contempt, (ECF No. 23), is **GRANTED**, and sanctions Defendants in the following respects: (1) Defendants are hereby warned that any similar noncompliance will result in entry of judgment for Plaintiff; (2) Defendants are hereby directed to supplement discovery responses to ensure that they are now complete; and (3) Defendants are hereby directed to pay Plaintiff's fees ($12,420.00) and costs ($606.20) associated with this motion, totaling $13,026.20. Plaintiff's limited Objection to the Report, (ECF No. 51), in which Plaintiff urges the Court to calculate the fee figure using a higher hourly rate, is overruled.

The Court is satisfied, based on the entire record before it, that a $200.00 hourly rate is appropriate, in particular, given the number of hours expended and the nature of the work performed.

**IT IS SO ORDERED.**

                                                    s/Mary G. Lewis  
                                                    United States District Judge

July 21, 2016  
Columbia, South Carolina